UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LACAL LUCKY WILSON                                CIVIL ACTION

VERSUS                                            NO. 13-4869

WARDEN N. BURL CAIN, ET AL.                       SECTION: I (5)

## ORDER AND REASONS

Plaintiff, Lacal Lucky Wilson, an inmate currently incarcerated in the Louisiana State Penitentiary, has submitted an application to proceed in forma pauperis in connection with the above-captioned 42 U.S.C. § 1983 complaint. Plaintiff filed suit against Warden N. Burl Cain, Assistant Medical Warden - Mrs. Stephanie Lamartnier, Medical Director - Dr. Jason Collins, Psychiatric Dr. Lartigue, and social worker- Ms. Brewer, complaining that he is being denied adequate medical care. In particular, he claims they have denied him Benadryl as prescribed. He seeks monetary compensation. (Rec. Doc. No. 1, Complaint). This is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a frequent litigant in federal court. He has filed numerous prior civil actions while incarcerated. At least three of those civil actions were dismissed as frivolous and/or for failure to state a claim for which relief could be granted. Wilson v. McElevans, Civil Action No. 94-3144 "F"(5) (E.D. La.); Wilson v. Canulette, et al., Civil Action No. 95-277 c/w 95-292 "J"(4) (E.D. La.); Wilson v. Canulette, et al., Civil Action No. 97-1977 "T"(2) (E.D. La.). He has therefore accumulated three "strikes" under the PLRA.[1]

---

[1] Additionally, plaintiff has on numerous occasions been denied permission to proceed in forma pauperis based on his history of frivolous litigation. Wilson v. Warden N. Burl Cain, et al., 11-652 "R"(1); Wilson v. Dr. Richard D. Ingelse, et al., Civil Action No. 05-1876 "A"(5); Wilson v. Peachey, Civil Action No. 05-0219 "S"(5); Wilson v. Dr. Richard Inglese's, et al., Civil Action No. 04-2688 "N"(1) (E.D. La.); Wilson v. Green, et al., Civil Action No. 04-2127 "C"(3) (E.D. La.); Wilson v. Medical Staff, Civil Action No. 04-1881 "N"(3) (E.D. La.); Wilson v. Peachey, et al., Civil Action No. 04-1464 "F"(3) (E.D. La.); Wilson v. Johnson, et al., Civil Action No. 03-2209 "F"(5) (E.D. La.);Wilson v. McElveen, Miscellaneous Action No. 03-1936 "N"(4) (E.D. La.); Wilson v. Trans., Miscellaneous Action No. 03-1618 "F"(3) (E.D. La.); Wilson v. McElveen, Miscellaneous Action No. 03-326 "F"(4) (E.D. La.).

Plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g). In the present case, plaintiff has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Consequently, plaintiff is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act. For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis is **DENIED**. 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this 25th day of June, 2013.

*[signature: Alma L. Chasez]*

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE